UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| DEAGO LANCE CHESHIER, | ) |
| | ) |
| Petitioner, | ) Civil Action No. 6:18-CV-260-CHB |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) **MEMORANDUM OPINION AND ORDER** |
| | ) **DISMISSING HABEAS PETITION** |
| Respondent. | ) |
| | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

Petitioner Deago Lance Cheshier is a prisoner confined at the Federal Correctional Institution ("FCI")-Manchester in Manchester, Kentucky. Proceeding without an attorney, Cheshier has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his conviction and sentence. [R. 1; R. 5] This matter is before the Court to conduct the initial screening required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

In June 2001, Cheshier was convicted by a jury in the United States District Court for the Southern District of Indiana of two counts of bank robbery in violation of 18 U.S.C. § 2113(a), four counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and four corresponding counts of use of a firearm during a crime of violence related to the armed bank robberies in violation of 18 U.S.C. § 924(c). [R. 1 at pp. 13, 16, 19, 21] *See also United States v.*

-1-

*Cheshier*, 39 F. App'x 335, 336 (7th Cir. 2002); *United States v. Cheshier*, Case No. 1:01-cr-0001-LJM-TAB (S.D. Ind.).[1] As summarized by the United States Court of Appeals for the Seventh Circuit on direct appeal "[b]ecause the initial conviction under § 924(c)(1) calls for a consecutive 60-month term, and each additional conviction 300 months extra, Cheshier's total sentence is 1081 months (960 months for using firearms, on top of 121 months for the robberies)." *Cheshier*, 39 F. App'x at 336. Cheshier's conviction and sentence were affirmed by the Seventh Circuit. *Id*.

Although Cheshier filed a motion to vacate in the Southern District of Indiana pursuant to 28 U.S.C. § 2255, that motion was denied as untimely. *United States v. Cheshier*, 1:03-cv-1649-JDT-TAB (S.D. Ind.). Cheshier filed a notice of appeal, which the Seventh Circuit construed as an application for a certificate of appealability and denied. *Id*. at R. 19.

In June 2016, the Seventh Circuit granted Cheshier's application pursuant to 28 U.S.C. § 2244(b)(3), seeking authorization to file a second or successive motion to vacate under § 2255 to bring a claim in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act is unconstitutionally vague. *Cheshier v. United States*, Case No. 16-2622 (7th Cir.). However, in May 2017, Cheshier filed a notice with the Southern District of Indiana stating that "I want to withdraw my *Johnson* issue," which the Court construed as a notice of voluntary dismissal. *Cheshier v. United States*, 1:16-cv-1670-LJM-TAB (S.D. Ind.) at R. 11, 12.

Cheshier has now filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court. Cheshier's petition attacks his four § 924(c) convictions, arguing that: 1) his

---

[1] This Court may "take judicial notice of proceedings in other courts of record." *See Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir.1980); *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969). *See also* Fed. R. Evid. 201(b)(2).

trial counsel was ineffective for failing to establish that he never possessed a firearm; and 2) his § 2113(a) and (d) convictions are not "crimes of violence" for purposes of the United States Sentencing Guidelines. [R. 1 at p. 4-5] He has also filed an addendum to his petition, in which he raises additional challenges to his § 924(c) convictions, first raising a general challenge to the constitutionality of § 924(c), then claiming that his defense counsel erroneously failed to object to the trial court's misapplication of § 924(c)(1)(C). Cheshier also argues that he is entitled to relief from his § 924(c) convictions under the recently-enacted First Step Act of 2018. [R. 5]

The Court evaluates Cheshier's petition under a more lenient standard because he is proceeding without an attorney, and the Court, at this stage of the proceedings, accepts his factual allegations as true and liberally construes all legal claims in his favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). However, despite the lenient construction afforded to Cheshier's petition, Cheshier is not entitled to the relief he seeks.

As an initial matter, Cheshier challenges the legality of his convictions in his habeas petition. While a federal prisoner may challenge the legality of his convictions and sentence in a 28 U.S.C. § 2255 motion before the sentencing court, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). A § 2241 petition is typically only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). A habeas corpus petition under 28 U.S.C. § 2241 may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) provides a narrow exception to this rule where § 2255 is structurally "inadequate or ineffective" to seek relief. The exception does not apply simply because that remedy under § 2255 is no longer available, whether because the prisoner did not file a § 2255 motion, the time to do so has passed, or the motion was denied on substantive grounds. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002). Rather, to properly invoke the savings clause, the petitioner must be asserting a claim that he is "actually innocent" of the underlying offense by showing that, after the petitioner's conviction became final, the United States Supreme Court issued a retroactively applicable decision re-interpreting the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute, *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his or her federal sentence no longer qualifies as a valid predicate offense. *Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016). Cheshier fails to demonstrate that either of these circumstances exist in his case.

Cheshier argues that he is entitled to relief pursuant to the United States Court of Appeals for the Sixth Circuit's decision in *Camp v. United States*, 903 F.3d 594 (6th Cir. 2018), which, according to Cheshier, represents a "new interpretation of statutory law" establishing that his four convictions of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) are no longer considered "crimes of violence" for purposes of his four related convictions of use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). In *Camp*, the Sixth Circuit began its analysis by recognizing that Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) *is* a crime of violence under § 924(c)'s "use-of-force" clause. *Id*. at 597 (citing *United States v. Gooch*, 850 F.3d 285, 292 (6th Cir. 2017), *cert. denied*, ___ U.S. ___, 137 S.Ct. 2230 (2017)). However,

because "crime of violence" is defined differently for purposes of the career offender provisions of the United States Sentencing Guidelines, U.S.S.G. §§ 4B1.1, 4B1.2, the Sixth Circuit applied the categorical approach and held that Hobbs Act robbery is *not* a crime of violence for purposes of the career offender enhancement provided by the Sentencing Guidelines. *Id*. at 604.

However, Cheshire is not entitled to relief from his four § 924(c) convictions under *Camp*. First, Cheshire was convicted of armed bank robbery in violation 18 U.S.C. § 2113(a) and (d), not Hobbs Act robbery. Nor does not Cheshire allege that his sentence was enhanced because he was determined to be a career offender under the Sentencing Guidelines. Rather, Cheshier offers only that, because the sentencing court mentioned the Sentencing Guidelines more than once during his sentencing hearing, the Guidelines definition of "crime of violence" is relevant to his § 924(c) convictions and related sentences. [R. 1-1 at p. 15-16] However, as *Camp* itself recognizes, a "crime of violence" is defined differently for purposes of a conviction for use of a firearm during a crime of violence in violation of § 924(c) and for purposes of determining whether a defendant is subject to the "career offender" enhancement provided by the Sentencing Guidelines. *Camp*, 903 F.3d at 597-98. As noted by the Seventh Circuit Court of Appeals in its opinion denying Cheshier's appeal, "[b]ecause the initial conviction under § 924(c)(1) calls for a consecutive 60-month term, and each additional conviction 300 months extra, Cheshier's total sentence is 1081 months (960 months for using firearms, on top of 121 months for the robberies)." *Cheshier*, 39 F. App'x at 336. Thus, the sentence imposed with respect to Cheshier's four § 924(c) convictions challenged in his § 2241 petition were not the result of a career offender enhancements provided by the Sentencing Guidelines. Rather, Cheshier's sentence on his § 924(c) convictions was required by the mandatory minimums provided by § 924(c)(1)(C), which requires a mandatory minimum sentence of 5 years (or 60

months) for the first § 924(c) conviction, then mandatory minimum sentences of 25 years (or 300 months) for each of Cheshire's three subsequent convictions, resulting in a total sentence of 960 months for the use of firearms during his armed bank robberies.

More critically, unlike Hobbs Act robbery, armed bank robbery in violation of § 2113(a) is a crime of violence for purposes of both § 924(c) *and* the Sentencing Guidelines. *See United States v. McBride*, 826 F.3d 294, 295-96 (6th Cir. 2016) (bank robbery in violation of § 2113(a), whether by "force or violence" or "intimidation," involves "the use, attempted use, or threatened use of physical force," and is a crime of violence for purposes of U.S.S.G. § 4B1.1). *See also United States v. Jackson*, No. 17-3896, 2019 WL 1122274, at *12 (6th Cir. Mar. 12, 2019). Indeed, the Sixth Circuit has specifically held that, while § 2113(a) is divisible, "a violation involving force and violence or intimidation constitutes a 'crime of violence' under § 924(c)'s force clause – not its residual clause – under the modified categorical approach." *See Johnson v. United States*, No. 18-6080, 2019 WL 193916, at *2 (6th Cir. Jan. 4, 2019)(citing *United States v. Henry*, 722 F. App'x 496, 500 (6th Cir. 2018); *McBride*, 826 F.3d 294 (2016)).

In Cheshier's underlying criminal case, the jury concluded that, on four occasions, he committed bank robbery by threatening bank tellers with a gun. *See Cheshier*, 39 Fed. App'x. at 336 (in rejecting Cheshier's argument on appeal that the evidence did not demonstrate that he possessed a working firearm during each robbery, noting that "[a] bank robber who informs the teller that he has a gun, shows something that looks like a gun, and threatens to do something that is possible only if the item *is* a working firearm, has no beef if the jury concludes that the thing displayed and talked about *was* a gun.") (citations omitted) (emphasis in original). Thus, there is no question that his four convictions for armed bank robbery in violation of § 2113(a) and (d) each constitute a "crime of violence" for purposes of his four corresponding § 924(c)

convictions. *See Johnson*, 2019 WL 193916, at *2 (the defendant "failed to make a substantial showing that his convictions for the armed bank robberies…, each of which involved brandishing a firearm, were not 'based on elements of the bank robbery statute that clearly criminalize the use of force,' *see McBride*, 826 F.3d at 295…Therefore, each of those convictions qualify as a crime of violence under § 924(c)'s force clause."). As the Sixth Circuit explained in *United States v. Henry*, 722 F. App'x 496, 500 (6th Cir.), *cert. denied*, 139 S. Ct. 70, 202 L. Ed. 2d 47 (2018): "All three of the firearm convictions grew out of federal bank robbery convictions under 18 U.S.C. § 2113(a). A necessary element of bank robbery is the use of "force and violence" or "intimidation." 18 U.S.C. § 2113(a). And intimidation is all it takes to satisfy § 924(c)(3)(A)'s elements clause, which defines crimes involving the 'threatened use of physical force' as crimes of violence." Thus, as in *Henry*, Cheshier's four armed bank robbery convictions each served as a valid predicate "crime of violence" offense for purposes of his four corresponding § 924(c) convictions.[2]

Turning to Cheshier's remaining arguments for relief, to the extent that Cheshier argues that the application of § 924(c) violates the due process clause of the United States Constitution, this is a constitutional claim, not a claim based upon subsequent statutory interpretation by the

---

[2] As the Sixth Circuit noted in *McBride*, in addition to bank robbery, § 2113(a) also criminalizes "enter[ing] or attempt[ing] to enter any bank…with intent to commit in such bank…any felony affecting such bank," which is language that could encompass nonviolent felonies. *McBride*, 826 F.3d at 296. Thus, the Court explained that, because § 2113(a) "seems to contain a divisible set of elements, only some of which constitute violent felonies – taking property from a bank by force and violence, or intimidation, or extortion on one hand and entering a bank intending to commit any felony affecting it (e.g., such as mortgage fraud) on the other, a modified categorical approach may be necessary to determine whether a particular § 2113(a) conviction qualifies as a crime of violence." *Id*. However, as in *McBride*, Cheshier does not argue that his prior convictions fall outside the first set of elements listed in § 2113(a), nor could he, in light of the fact that he was convicted of four armed bank robberies in violation of § 2113(a) and (d), which, according to the Seventh Circuit, were carried out with express threats of death. *Cheshier*, 39 F. App'x. at 337.

United States Supreme Court. Accordingly, such a claim must be asserted (if at all) in a petition filed pursuant to 28 U.S.C. § 2255(h)(2). *Welch v. United States*, __ U.S. __, 136 S. Ct. 1257 (2016); *In re Watkins*, 810 F. 3d 375, 377 (6th Cir. 2015). Because Cheshier's constitutional claim is of the kind that may be asserted under § 2255, that remedy is not structurally "inadequate and ineffective" to test the legality of his detention, rendering resort to § 2241 impermissible. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004); *McDowell v. Warden, FCC Medium Coleman*, 694 F. App'x 692, 693-94 (11th Cir. 2017).

Likewise, Cheshier's claim that he was denied the effective assistance of counsel as guaranteed by the Sixth Amendment is a constitutional claim of ordinary trial error which could be, and therefore must have been, pursued on direct appeal or in an initial motion under § 2255. Cf. *Mallard v. United States*, 82 F. App'x 151, 153 (6th Cir. 2003) (claim under *Strickland* that counsel was ineffective may not be pursued under § 2241); *Jameson v. Samuels*, 555 F. App'x 743, 746 (10th Cir. 2014) (habeas petition under § 2241 is not the proper vehicle to assert claims of prosecutorial misconduct, ineffective assistance of counsel, and lack of probable cause for warrant).

Finally, to the extent Cheshier relies on the recently enacted criminal justice reform law, the First Step Act of 2018, that law does not provide Cheshier with the relief he seeks. The First Step Act does reduce the severity of the "stacking" multiple § 924(c) offenses arising from the same incident by amending § 924(c)(1)(C) to provide that the higher penalty for a "second or subsequent count of conviction" under § 924(c) is triggered only if the defendant has a prior § 924(c) conviction that has become final. *See* First Step Act of 2018, Public Law 115-391, December 21, 2018, 132 Stat. 5194, § 403. However, the provision of the Act that eliminates this "stacking" does not apply retroactively. *See id.* at § 403 (explaining that the Act's

clarification of § 924(c) applies only where a sentence has not already been imposed). Thus, because the relevant provision of the First Step Act does not apply retroactively, it necessarily does not provide an intervening change in statutory law that is applicable to Cheshier, such that he may proceed under 28 U.S.C. § 2241.

For all of these reasons, Cheshier is not entitled to the relief he seeks and his § 2241 petition will be denied. Accordingly, the Court hereby **ORDERS** as follows:

1. Cheshier's petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 **[R. 1; R. 5]** is **DENIED**;

2. This action is **DISMISSED** and **STRICKEN** from the Court's active docket; and

3. Judgment shall be entered contemporaneously herewith.

Entered: May 8, 2019.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY